IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gayle Szymanski, Admin.,                      Case No. 3:06CV7097

         Plaintiff

       v.                                                    ORDER

CSX Transportation, Inc., et al.,

         Defendant

       This is a railway crossing accidental death action which the defendants have removed to this court from the Wood County, Ohio, Court of Common Pleas. Pending is plaintiff's motion to remand. The gravamen of the motion to remand is that there is no diversity of the parties and no federal question in the case.

       Defendants contend that non-diverse individual parties have been fraudulently joined, those individual parties are nondispensible, and there is at least one claim that is grounded in federal law, though not plead as such.

       What's going on is easy to understand. Plaintiff has asserted state law claims against individual defendants, who are residents of Ohio, to keep the case in state court. The defendant railroad, which clearly is a diverse party, and which would appear to be judgment worthy for any judgment [unlike, in all likelihood, any of the individual plaintiffs], wants to have the case heard in this court.

       If the individual defendants have been joined solely to keep this case in state court – i.e., if the plaintiff has no viable claim against any of the individual defendants – this case belongs and should stay in the court. *See, e.g., Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.

1999) ( burden on removing party to "present sufficient evidence that a plaintiff could not have established a cause of action against nondiverse defendants under state law."); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (removing party must prove that the plaintiff could not establish even a "colorable cause of action"); *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994) ("there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law").

Before adjudicating the motion to remand, I am inclined to permit the parties to submit evidence, particularly with regard to the putative liability of the individual defendants. That will provide me with a more adequate basis on which to assess whether this court properly has jurisdiction.

I do not, however, propose to conduct an evidentiary hearing, which might be improper and, in any event, would require venturing too far into the substantive merits of the case. If, during the course of discovery, plaintiff can uncover some negligence on the part of any of the individual defendants, then this case belongs in state court. If not, it belongs here.

Courts elsewhere have approved use of a "summary judgment-like procedure" to resolve claims of fraudulent joinder. *See, e.g., Delgado v. Shell Oil Co.* 231 F.3d 165, 179 (5th Cir. 2000). As stated in *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995):

> We clearly expressed in *B., Inc. v. Miller Brewing Co.* [663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)], that "[i]n support of ⋯ [a] motion for remand, the plaintiff may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint." Our decisions subsequent to *B., Inc.* have consistently maintained that a district court may look to evidence outside of the pleadings in determining a fraudulent joinder claim. Thus, we hold that the district court did not err in looking beyond Burden's pleadings to determine removal jurisdiction. Lest there remain even a shadow of a doubt as to this circuit's position, we reiterate-in hopes that further pronouncement will not be necessary-that in testing for fraudulent joinder the district court in its discretion may "pierce the pleadings,"

> albeit in so doing the court should not conduct an evidentiary hearing but, based on appropriate documentation in addition to the pleadings, should instead resolve all disputed questions of fact in favor of the plaintiff.

(Citations and footnotes omitted).

District courts in our Circuit have likewise exercised discretion to look beyond the pleadings to determine whether remand must occur. *See National Management Association, Inc. v. Transamerica Financial Resources, Inc.* 197 F.Supp.2d 1016, 1018 (S.D.Ohio 2002) ("The district court has 'wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'") (citation omitted).

It is, therefore,

ORDERED THAT a pretrial conference is scheduled for June 12, 2006 at 10:30 a.m..

So ordered.

s/James G. Carr
James G. Carr
Chief Judge