IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gayle Szymanski, Adm'x,                               Case No. 3:06CV7097

        Plaintiff

        v.                                                            ORDER

CSX Transportation, Inc., et al.,

        Defendant

This is a wrongful death case arising from a collision between a CSX train and the decedent, Ronald J. Syzmanski. Pending is the plaintiff's motion for remand to the Common Pleas Court of Wood County, Ohio, from which the defendant removed this case.

In the motion for remand, plaintiff argues that diversity of citizenship is lacking due to the Ohio residence of, *inter alia*, the engineer, defendant Lester.

Defendants contend that all Ohio residents named in the complaint, including Lester, have been fraudulently joined – i.e., named, without basis for recovery, only to defeat the diversity jurisdiction that otherwise would exist between the plaintiff and the railroad. The plaintiff has, however, developed evidence that, if believed by the jury [despite the weight of contrary evidence],[1]

---

[1] Lester and his fellow crew members testified at deposition that the horn was sounded properly and in sufficient time to alert motorists approaching the crossing. Three witnesses in a house located at the southeast quadrant of the crossing testified that the horn sounded from a proper distance; another witness, who was walking his dog, testified similarly. Only one witness, Marcia Wolford, who lives two houses from the crossing, testified that the horn did not sound until just before the impact. That testimony, which Wolford provided in a deposition more than two years after the accident, is inconsistent with an unsworn statement Wolford gave shortly after the accident. Nonetheless, that testimony is what she has stated under oath, and that testimony suffices to preclude, in light of the authorities cited herein, denial of the motion to remand.

would enable the jury to find that Lester did not sound the locomotive horn far enough in advance of the collision to warn approaching motorists of the oncoming train. Thus, I conclude that Lester, at least, has not been joined fraudulently. The motion to remand shall, accordingly, be granted.[2]

The defendants, as the removing parties, have the burden of establishing fraudulent joinder. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). To do so, they must show that there is no colorable claim or reasonable basis for recovery against any of the Ohio resident defendants. *Id.* at 949. In determining whether this standard has been met, I must resolve disputed questions of fact in favor of the plaintiff. *Id.* (citing *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

In view of this stringent standard, the motion to remand must be granted. Contrary to defendants' contention, this is not a "no whistle" case, in which a witness's failure to have heard a whistle that others heard might not overcome the testimony of others that the whistle was blown.

Rather, more witnesses have testified that the horn blew when it should have than have testified that the horn blew late. But the fact that, on the present record, the weight of the evidence appears to favor the railroad, is not enough to disregard the testimony favoring the plaintiff on this crucial, and potentially determinative, issue of fact.

The defendants also make much of the coroner's finding that Mr. Szymanski committed suicide [by driving on the tracks, stopping, putting his car in park, and waiting to be hit by the locomotive]. That finding is not preclusive.

---

[2] I do not reach the issue of whether other Ohio residents, alleged to have been responsible for the operation of the train or clearing vegetation allegedly obstructing the view of motorists at the crossing, have been joined fraudulently. Though the parties have vigorously disputed the *bona fides* of joinder of some of the named defendants, resolution of that dispute is not necessary, given the plaintiff's allegations and supporting evidence that the whistle did not sound in a timely manner.

Likewise, to the extent that the defendants claim that the plaintiff asserts claims preempted by federal regulations, I disagree.

The regulation, 49 C.F.R. § 222.21, that defendants contend preempts the plaintiff's late whistle claim was not in effect when the accident occurred. The vegetation control regulation, 49 C.F.R. § 213.37, refers only to control of vegetation "on or immediately adjacent to the roadbed." The plaintiff's claim relates to vegetation in the right of way, not on or immediately adjacent to the roadbed. Their claim relates as well to failure to inspect the right of way, rather than the crossing itself. This is, accordingly, a common law vegetation claim, not a claim controlled by track maintenance or crossing conditions. *See Shanklin v. Norfolk Southern Rwy.*, 369 F.3d 978, 987 (6th Cir. 2004) (federal "regulation preempts any state-law claim regarding vegetative growth that blocks a sign immediately adjacent to a crossing, but it does not 'impose a broader duty to control vegetation so that it does not obstruct a motorist's visibility of oncoming trains.'") (citing *O'Bannon v. Union Pac. R.R. Co.*, 960 F. Supp. 1411, 1422-23 (W.D. Mo. 1997)).

Plaintiff also successfully refutes defendants' contention that the complaint raises a claim under the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq. Although the complaint states that the crew negligently maintained and operated the whistle [Doc. 1, ¶ 36], the plaintiff does not allege that anything about the locomotive was not in proper operating condition or properly maintained.

On the contrary, the plaintiff alleges, in effect, that the horn was in good operating condition – but the defendants didn't use it in time to warn Mr. Syzmanski that the train was coming.

Diversity of citizenship exists between the parties because an Ohio defendant has not been fraudulently joined. This court, accordingly, is without jurisdiction, and it is, therefore,

3

ORDERED THAT plaintiff's motion to remand to the Court of Common Pleas for Wood County, Ohio, be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge